# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>LEROY CONLEY, et al.,<br>Defendants. | Case No. 1:26-cv-01715-SAB<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE STAY THIS ACTION<br><br>(ECF Nos. 9, 11) |

Before the Court is a motion to dismiss, or in the alternative motion to stay this action pending the completion of another related action. The Court held a hearing on this matter on June 24, 2026. Counsel Theona Zhordania appeared on behalf of Plaintiff, and counsel Camnhung Le appeared on behalf of Defendants. Having considered the briefing, the record, and the arguments presented at the hearing, the Court denied the Defendants' motion.

## I.

## BACKGROUND

Plaintiff Infinity Insurance Company filed this action to resolve disputes arising from an underlying personal injury lawsuit brought by Defendant Trudy Ring, which resulted in a stipulated judgment of $1.2 million against Infinity's insured, Leroy Conley. Plaintiff seeks a declaration of the parties' rights and obligations under the insurance policy and asserts claims for professional negligence and breach of fiduciary duty against Burnham Brown, APLC, the law firm

Plaintiff retained to defend Conley in the underlying action. The Court will briefly discuss the underlying action.

### A. The Underlying Action

The underlying action was originally filed in the Superior Court of California, County of Alameda on January 26, 2026. (See ECF No. 11-2.) On May 29, 2026, Infinity removed the action to federal court. Conley v. Infinity Ins. Co., 3:26-cv-05136-LB, Complaint, ECF No. 1 (N.D. Cal. May 20, 2026). Pending before the Northern District of California is a motion to remand filed by Conley. Id., Motion to Remand, ECF No. 6 (N.D. Cal. June 17, 2026).

As alleged in the underlying complaint, Conley was insured under an automobile liability policy. Id. at ¶ 17.[1] The policy provided bodily injury liability limits of $50,000 per person and $100,000 per accident. Id. at ¶ 2.

On October 21, 2018, Conley was involved in an accident with David Ring, who had fallen from his motorcycle and was subsequently struck by Conley. Id. at ¶ 19. David Ring was pronounced dead on scene. Id. The investigating officers determined that Conley was intoxicated at the time of the fatal collision. Id.

On April 10, 2019, Trudy Ring, individually and as the heir of David Ring, filed a wrongful death action against Conley in Merced County Superior Court. Id. at ¶¶ 5, 25. Trudy Ring also expressed her willingness to settle the wrongful death claim against Conley for the policy limits. Id. at ¶¶ 5, 23. Burnham Brown was retained to defend Conley and the insurance company.[2] Id. at ¶ 7.

On February 4, 2020, Trudy Ring sent a time sensitive policy limit demand to Burnham

---

[1] A court may take judicial notice of a fact not subject to reasonable dispute, either because the fact is generally known within the territorial jurisdiction of the trial court or because the fact is capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Courts may also take judicial notice of undisputed matters of public record, Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), including documents filed in federal or state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012). The Court takes judicial notice of the complaint filed in the underlying action in California Superior Court, Alameda County.

[2] The insurance company in the underlying complaint was originally against Kemper Indemnity Insurance Company. See generally ECF No. 1. On April 29, 2026, Conley dismissed Kemper Indemnity from the action, and on May 6, 2026, Conley filed an amendment to the complaint to add Infinity as a Doe defendant. (See ECF No. 13-1.)

Brown, offering to settle the wrongful death case for the $50,000 policy limit. Id. at ¶ 8. The demand contained an acceptance expiration date of February 17, 2020. Id. The deadline expired, and Burnham Brown failed to provide a timely response to the policy limit demand. Id. at ¶¶ 9, 29. Burnham Brown then attempted to obtain an extension to respond to the demand on or around April 2, 2020. Id. at ¶ 29.

Thereafter, the insurance company retained Hoppe Law Group to assume and take over Conley's representation. Id. at ¶ 30. Trial in the wrongful death case was set to begin on May 13, 2025; however, Conley agreed to a stipulated judgment of $1.2 million. Id. at ¶¶ 10, 31. The insurance company agreed to a stipulated judgment and assignment of rights agreement. Id. at ¶ 32.

Based on the foregoing, the complaint in the underlying action brings the following causes of action: 1) breach of the implied covenant of good faith and fair dealing; 2) breach of contract; 3) professional negligence; and 4) breach of fiduciary duty; and 4) professional negligence. Id. at ¶¶ 33-53. Claims one, two, and four are against the insurance company and claim three is against Burnham Brown. Id.

**B. The Instant Action**

On March 2, 2026, Plaintiff commenced this action. (ECF No. 1.) Plaintiff alleges similar facts in the underlying action and adds additional facts to the events at issue.[3]

Conley was insured under an automobile liability policy issued by Financial Indemnity Company (hereinafter "FIC"). (Id. at ¶ 8.) After the accident, FIC retained Burnham Brown to defend Conley in the underlying action. (Id. at ¶ 12.) Burnham Brown assigned the case to attorney Gerald Carroll, who had 30 years of experience, and was initially assisted by first-year attorney Parsa Kafi. (Id.) Attorney Kafi left Burnham Brown in or around September 2019. (Id.) On September 9, 2019, attorney Carroll advised FIC that attorney Emily Genge was helping him "on a few of the files Parsa had." (Id. at ¶ 13.) Attorney Genge was a second-year associate. (Id. at ¶ 14.)

[3] The Court incorporates the same facts stated above.

On or around October 31, 2019, unbeknownst to Ring's counsel or FIC, attorney Carroll left Burnham Brown. (Id.; id. at ¶ 15.) Following counsel's departure, the case file was primarily assigned to attorney Genge. (Id.)

The demand letter was received by Burnham Brown between February 4, 2020 and February 7, 2020. (Id. at ¶ 17.) It was not "discovered" by the firm until February 24, 2020—more than two weeks after it was received and one week after the policy limits demand had expired. (Id.) The demand was not forwarded to or otherwise communicated to FIC before the deadline expired. (Id.)

On April 2, 2020, attorney Genge emailed FIC and advised that she had recently "got ahold of" a policy limits demand addressed to attorney Carroll. (Id. at ¶ 18.) Attorney Genge did not send the demand letter to FIC or advise that it had expired on February 17, 2020. (Id.) Instead, she represented that she was "meeting and conferring" with Ring's counsel in an effort to obtain an extension. (Id.) By that time, however, Ring's counsel had already advised attorney Genge that the deadline had expired and that no extension would be granted. (Id.)

In attorney Genge's email to FIC on April 2, 2020, attorney Genge opined that "I do not believe the case has a policy limits value, however, there is always a higher risk with a wrongful death case and a police report finding our insured to be the cause." (Id. at ¶ 19.) However, Plaintiff asserts that California is a pure comparative fault state, and Conley was found at fault by the investigating officer. (Id.) Plaintiff further alleges that "[n]o competent defense attorney would ever opine that the Underlying Action was worth less than $50,000" and that "[t]he most obvious explanation for her statement was that Genge was attempting to cover for her firm's malpractice in failing to forward the February 4, 2020 demand letter to Infinity by implying the case was not worth the policy limits." (Id.)

FIC disagreed with attorney Genge's assessment and instructed her to immediately accept the demand. (Id. at ¶ 20.) Attorney Genge attempted to accept the demand, but Ring's counsel refused because the demand deadline had already expired. (Id. at ¶ 21.) With the policy limits demand rejected and the wrongful death case going forward, Burnham Brown filed a document on May 5, 2020 entitled "DEFENDANTS CLYDE J. CONLEY AND LEROY L. CONLEY'S

NOTICE OF CHANGING HANDLING ATTORNEYS," disclosing that attorney Carroll had left Burnham Brown. (Id. at ¶ 22.)

On June 5, 2020, Plaintiff alleges that Burnham Brown sent a letter to FIC that "essentially admit[ed] that it had committed malpractice." (Id. at ¶ 23.) Plaintiff alleges that Burnham Brown admitted that its failure to forward a live policy limits demand created a "conflict of interest." (Id.) It further admitted that the firm was operating in a "paperless environment" and that its mailroom miscoded the demand letter as a "Ltr resolving Case and Traffic Collision Report." (Id.) Finally, it admitted that although it received the demand letter on February 7, 2020, it did not "discover" the demand letter until February 24, 2020—one week after the settlement demand had expired. (Id.)

Because the wrongful death case did not settle, Infinity[4] terminated Burnham Brown and retained Hoppe Law to defend Conley in the underlying action. (Id. at ¶ 24.) On March 21, 2025, Ring served a C.C.P. § 998 offer for $1.95 million. (Id. at ¶ 25.) On or around April 2, 2025, Infinity received a pre-trial report from Hoppe Law that opined that a judgment could range from $3 million to $4 million or more. (Id. at ¶ 26.) Hoppe Law further advised that Ring was willing to enter into a stipulated judgment settlement which would entail, consent to the entry of $1.2 million judgment against Conley in exchange for a covenant not to execute and a covenant not to record the judgment against him, and in exchange, Conley would assign his bad faith claim against Infinity to Ring. (Id.) Plaintiff alleges the amount appeared to be a bargain and, after discussing the proposal with Conley and obtaining his authorization, provided its written consent to the settlement. (Id.)

Plaintiff brings three claims: 1) declaratory judgment relief against Defendants Ring and Conley seeking declarations that Plaintiff did not act unreasonably or in bad faith and has no duty to pay a sum exceeding the $50,000 liability bodily injury limit; 2) professional negligence against Burnham Brown; and 3) breach of fiduciary duty against Burnham Brown. (ECF No. 1, ¶¶ 31-53.)

The day after Plaintiff filed this action, the Court issued a Notice of Direct Assignment to

[4] FIC is a wholly-owned subsidiary of Kemper Corporation. (Id. at ¶ 2.) Pursuant to the Assumption Agreement on January 1, 2023, approved by the California Department of Insurance, all of FIC's rights and obligations were assumed by Infinity as of that date. (Id.)

Magistrate Judge and Declination of Consent Form. (ECF No. 2.) The notice advised the parties that, unless a declination of consent was timely filed, the undersigned would conduct all proceedings in the case, including trial and entry of final judgment. (Id.)

On May 20, 2026, Defendants moved to dismiss this case, or in the alternative stay this action pending final adjudication of the underlying action. (ECF Nos 9, 11.)[5] The motion has been fully briefed (ECF Nos. 13, 15-17), and because neither party filed a declination of consent within the prescribed period, the Court issued a minute order finding that each party had knowingly and voluntarily consented to proceed before the undersigned. (ECF No. 19.) On June 24, 2026, the Court held a hearing on the matter. (ECF No. 20.)

## II.

## LEGAL STANDARDS

### A. Brillhart/Wilton Abstention

"[A] district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding. R&R. St. & Co. v. Transport Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)). The Supreme Court reaffirmed this principle in Wilton, holding that a district court may decline to entertain a federal declaratory judgment action when parallel state proceedings "'present [] an opportunity for ventilation for the same state law issues.'" Id. (quoting Wilton v. Seven Falls Co., 515 U.S. 277 (1995)). In exercising this discretion, courts consider factors such as avoiding needless determination of state law issues, discouraging forum shopping, and avoiding duplicative litigation. Id. The Brillhart/Wilton framework applies when an action seeks only declaratory relief. Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1158 (9th Cir. 2012).

### B. Colorado River Abstention

The Colorado River doctrine provides that, in some circumstances, a federal suit may be stayed or dismissed due to the presence of a concurrent state court proceeding. Colorado River

[5] The Court notes that ECF Nos. 9 and 11 are identical in both form and substance. For clarity, the Court will refer to the later filed motion going forward.

Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976). The doctrine rests on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Id. at 817 (citation omitted). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Id. at 813. It is only appropriate in "exceedingly rare" circumstances. Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d 835, 841 (9th Cir. 2017).

## III.

## DISCUSSION AND ANALYSIS

Defendants argue that this federal action should be dismissed under Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), on the ground that Plaintiff's declaratory relief claim mirrors claims asserted in the underlying action. In the alternative, Defendants request that the Court stay this matter under the doctrine articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), pending resolution of the underlying action. (ECF No. 11.) Plaintiff argues that Brillhart does not apply because it asserts an independent claim for damages in its claims for professional negligence and breach of fiduciary duty. (ECF No. 13, pp. 13-15.) Plaintiff further argues that there are no exceptional circumstances justifying a stay under Colorado River, as the factors do not weigh in Defendants' favor. (Id. at pp. 16-24.) Plaintiff also mentions that the state court action has been removed and therefore Defendants' motion must be denied. (Id. at p. 26.) The Court agrees with Plaintiff.

As a threshold matter, because the underlying action has been removed to federal court, there is no parallel state proceeding to support either a Brillhart or Colorado River abstention. See Kirkbride v. Continental Cas. Co., 933 F.2d 729, 734 (9th Cir. 1991) (holding that because an action filed in state court had been removed to federal court, there was no concurrent or pending state proceeding to support a Colorado River abstention); Cingular Wireless, LLC v. Thurston County, 150 Fed. Appx. 633, 634 (9th Cir. 2005) ("The Colorado River doctrine does not apply in the absence of concurrent or pending state court proceedings); Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750 (9th Cir. 1996) (acknowledging that case law in the Ninth Circuit has applied Brillhart only in cases where a parallel proceeding exists in state court),

*overruled on other grounds* in Government Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).

The Court acknowledges that Defendants filed their motion while the underlying action was pending in state court. However, nine days later, Plaintiff removed that action to federal court. Although Defendants have filed a motion to remand in the underlying action, no parallel state proceeding currently exists[6], and the Court declines to speculate as to whether the motion will be granted. See Resolution Tr. Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir. 1994) ("[T]he state court loses jurisdiction upon the filing of the petition for removal.").

Furthermore, Kemper Indemnity Insurance Company, originally named in the underlying action, is a dissolved corporation and not a party to the insurance policy at issue. (ECF No. 12-1, Zhordania Decl., at ¶¶ 7-8.) The business search page of the California Secretary of State website provides that Kemper Indemnity Insurance Company was dissolved on August 5, 2005. Business Search for Kemper Indemnity Insurance Company, Cal. Secretary of State, https://bizfileonline.sos.ca.gov/search/business (last visited July 23, 2026). Defendants did not name Infinity as the proper party in the underlying action until two months after Infinity filed its complaint in this Court. Accordingly, even if the underlying action were remanded, the Court in its discretion, would deny the motion as this action would be considered first in time.

In sum, because the Court finds that neither Brillhart/Wilton nor Colorado River provides a basis for dismissal or stay in this action, the Court will deny Defendants' motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[6] Even if the underlying action were pending in state court, this case does not present the "exceedingly rare circumstances" required for abstention under Colorado River, particularly given the limited duration of any state proceedings.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion to dismiss, or in the alternative motion to stay (ECF Nos. 9, 11) is DENIED.

IT IS SO ORDERED.

Dated: **August 6, 2026**

STANLEY A. BOONE
United States Magistrate Judge