# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFINITY INSURANCE COMPANY,<br>Plaintiff,<br>v.<br>LEROY CONLEY, et al.,<br>Defendants. | Case No. 1:26-cv-01715-SAB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>ORDER ADVANCING THE INITIAL SCHEDULING CONFERENCE TO November 3, 2026<br><br>(ECF Nos. 22, 24) |

Before the Court is a motion for reconsideration of the Court's August 6, 2026 Order denying Defendants' motion to dismiss, or in the alternative motion to stay this action pending the completion of another related action. The Court held a hearing on this matter on September 23, 2026. Counsel Theona Zhordania appeared on behalf of Plaintiff, and counsel Camnhung Le appeared on behalf of Defendants. Having considered the briefing, the record, and the arguments presented at the hearing, Defendants' motion for reconsideration is denied.

## I.

## PROCEDURAL BACKGROUND

On May 20, 2026, Defendants moved to dismiss this case, or in the alternative stay this action pending final adjudication of the underlying action. (ECF Nos. 9, 11.) The motion was fully briefed (ECF Nos. 13, 15-17), and on June 24, 2026, the Court held a hearing on the matter.

(ECF No. 20.) On August 6, 2026, the Court issued an order denying Defendants' motion. (ECF No. 21.) On August 10, 2026, Defendants filed a motion for reconsideration. (ECF Nos. 22, 24.) Plaintiff filed an opposition on August 24, 2026, and Defendants filed a reply on September 9, 2026. (ECF Nos. 28-30.) On September 23, 2026, the Court held a hearing on the motion for reconsideration. (ECF No. 35.)

## II.

## LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, of if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal citations and quotations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted).

Additionally, this Court's Local Rules further provide that any party seeking reconsideration of an order must state "what ruling, decision, or order was made thereon; what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(2)-(4).

## III.

## DISCUSSION

Defendants request that the Court reconsider its August 6, 2026 order denying their motion to dismiss, or in the alternative, stay this action because the underlying action has since been remanded to state court.[1] (ECF No. 24, pp. 7-8.) The question, therefore, is whether the

[1] Defendants also request the Court to take judicial notice of the complaint and amendment to the complaint filed in the underlying action in California Superior Court, Alameda County. (ECF No. 24-3.) Additionally, Defendants request that the Court take judicial notice of the order granting the motion to remand in Conley v. Infinity Ins. Co.,

remand qualifies as a new fact or circumstance warranting reconsideration of the Court's prior order. It does not. As explained in the prior order, the Court expressly stated that "[e]ven if the underlying action were pending in state court, this case would not present the 'exceedingly rare circumstances' required for abstention under Colorado River particularly given the limited duration of any state proceedings." (See ECF No. 21, p. 7 n.6.) Defendants have not identified any new fact or circumstance that warrants reconsideration. Moreover, Defendants could have timely apprised the Court of the remand. The Court's Local Rules permit parties to file supplemental authority concerning a relevant judicial opinion after the date that party's opposition or reply was filed. See L.R. 230(m)(2). Defendants did not do so. Nevertheless, even if the Court had been aware of the remand, the result would have been the same.

At the hearing, Defendants relitigated their arguments pertaining to several Colorado River factors. First, Defendants re-articulated concerns about duplicative and inconsistent rulings. However, the Ninth Circuit has stated that "a general preference for avoiding piecemeal litigation is insufficient to warrant abstention" and that "[a]ny case in which Colorado River is implicated will inevitably involve the possibility of conflicting results, piecemeal litigation, and some duplication of judicial efforts, which are the unavoidable price of preserving access to federal relief." Seneca Ins. Co. v. Strange Land, Inc., 862 F.3d 835, 842 (9th Cir. 2017) (citation omitted). The Court previously considered these concerns and found them unpersuasive. Additionally, Defendant Trudy Ring is not a party to the underlying state action, whereas she is a party to this action. Thus, regardless of the outcome of the state proceedings, the Court will be required to address the claims asserted against Ring.

Second, Defendants reiterated their arguments in favor of a stay or dismissal based on the claims asserted in this action. Again, the Court is not persuaded by Defendants' argument that this action presents a novel or exceptional circumstance. Plaintiff asserts three claims: (1) declaratory judgment; (2) professional negligence; and (3) breach of fiduciary duty. (See ECF

---

3:26-cv-05136-LB, ECF No. 17 (N.D. Cal. Aug. 3, 2026.). The Court grants this request and will take judicial notice of the filings. See Fed. R. Evid. 201(b); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that judicial notice may be taken "of court filings and other matters of public record.").

No. 1.) There are no novel issues of California law presented in this case. Indeed, Congress has expressly conferred jurisdiction on federal district courts over diversity cases, and federal courts routinely adjudicate state-law claims pursuant to their diversity jurisdiction. See 28 U.S.C. § 1332(a). Defendants' disagreement with the Court's prior order does not provide a basis for reconsideration.

Lastly, Defendants renewed their first-to-file argument asserting that the state court action was filed first. Defendants argued that Infinity had knowledge of the state court action before it was properly named as a defendant, yet thereafter filed this action in federal court and removed the state action to federal court. Defendants requested for supplemental briefing to provide the Court with a "full picture" of the record so that the Court could make a ruling on the full record. The Court finds supplemental briefing at this time inappropriate. Defendants had the opportunity to present these concerns at the June 24, 2026 hearing, and Defendants have not identified any new facts that warrant reconsideration. In any event, at the hearing, Defendants acknowledged that they did not learn that Infinity was the proper defendant in the state action until after this action was filed, during a meet-and-confer. Thereafter, Defendants amended their state court complaint to name Infinity. Although Defendants argue that the state court action was filed first, the Court observes that it was first-in-time only with respect to the named parties, not the parties in interest. It was first-in-time in filing only, not in name. The real first-in-time, as to the real parties in interest, is this case. Thus, Defendants' first-to-file argument does not support reconsideration of the Court's prior order.

In sum, Defendants have not identified any new fact or change in circumstances to warrant reconsideration. Accordingly, the Court finds no basis to disturb its prior order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.**

**CONCLUSION AND ORDER**

For the foregoing reasons, Defendants' motion for reconsideration (ECF Nos. 22, 24) is DENIED. In light of this Order, the Court advances the initial scheduling conference to November 3, 2026, **at 9:30 a.m.** before the undersigned. A joint scheduling report, carefully prepared and executed by all parties, shall be filed **one (1) full week prior** to the scheduling conference.

IT IS SO ORDERED.

Dated: **October 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge